**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GOLDEN RULE FASTENERS, INC., | |
| Plaintiff, | Case No. _____ |
| v. | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| R.P. LUMBER CO, INC., | |
| Defendant. | **Jury Trial Demanded** |

Plaintiff Golden Rule Fasteners, Inc. (hereinafter, "Plaintiff" or "Golden Rule"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against R.P. Lumber Co., Inc. (hereinafter, "Defendant" or "R.P. Lumber") as follows:

**NATURE OF THE ACTION**

1.  This is a patent infringement action to stop R.P. Lumber's infringement of certain claims of Golden Rule's United States Patent No. 8,464,475 (hereinafter, the "'475 Patent"). The '475 Patent was duly and legally issued by the United States Patent and Trademark Office (hereinafter the "USPTO"), a copy of which is attached hereto as **Exhibit A**. Golden Rule is the owner of the '475 Patent. Golden Rule seeks injunctive relief and monetary damages.

2.  The '475 Patent traces its priority date back to Application No. 12/604,933 (hereinafter, the "933 Application"). The '933 Application was filed with the USPTO on October 23, 2009, and issued as United States Patent No. 8,141,303 on March 27, 2012. Application No. 13/403,444 (hereinafter, "the '444 Application") was a continuation of the '933 Application. The '444 Application was filed with the USPTO on February 23, 2012 and issued as United States Patent No. 8,534,002 on September 17, 2013. Application No. 13/723,588 (hereinafter, "the '588

1

Application") was a continuation of the '444 Application. The '588 Application was filed with the USPTO on December 21, 2012 and issued as United States Patent No. 8,464,475 on June 18, 2013.

## PARTIES

3. Golden Rule is a corporation organized and existing under the laws of the State of Alabama and maintains its principal place of business at 5290 Alabama Highway 229 South, Tallassee, Alabama, 36078 (Elmore County).

4. Based upon public information, Defendant is a corporation duly organized and existing under the laws of the Illinois and has its principal place of business (corporate headquarters) located at 514 E Vandalia, Edwardsville, Illinois 62025.  Defendant may be served in Edwardsville, Illinois at its corporate headquarters.

5. Upon information and belief, Defendant may be served through its registered agent: Robert L. Plummer, 514 E Vandalia, Edwardsville, Illinois 62025.

6. Upon information and belief, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises the Accused Product under the names "Electrical Mast Connection Master Flash (EMC)." See **Exhibit B**.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 28 U.S.C. 1338(a).

8. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Illinois and in the Northern District of Illinois; Defendant has purposefully availed itself of the privileges of conducting business in the State of Illinois and in the Northern District of Illinois; Defendant has sought protection and benefit from the laws of the State of Illinois; Defendant regularly conducts business within the State of Illinois and within the Northern District of Illinois, and Golden Rule's causes of action arise directly from Defendant's business contacts and other activities in the State of Illinois and in the Northern

District of Illinois.

9. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Illinois, and the Northern District of Illinois. Based upon public information, Defendant has committed patent infringement in the State of Illinois and in the Northern District of Illinois. Defendant solicits customers in the State of Illinois and in the Northern District of Illinois. Defendant has many paying customers who are residents of the State of Illinois and the Northern District of Illinois and who use Defendant's products in the State of Illinois and in the Northern District of Illinois.

10. Based upon publicly available information, Defendant owns and operates a physical store, which is located at 500 W. Chrysler Dr. Belvidere, Illinois 61008.

11. Based upon publicly available information, Defendant owns and operates a physical store, which is located at 1926 Sycamore Rd, DeKalb, Illinois 60115.

12. Based upon publicly available information, Defendant owns and operates a physical store, which is located at 2158 State Route 26, Dixon, Illinois 61021.

13. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391 and 1400(b).

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in the Northern District of Illinois because of its formation under the laws of Illinois, which subjects it to the personal jurisdiction of this Court.

## BACKGROUND INFORMATION

15. The Asserted Claims of the '475 Patent were duly and legally issued by the United States Patent and Trademark Office on June 18, 2013 after full and fair examinations. Golden Rule is the owner of the '475 Patent, and possesses all right, title and interest in the '475 Patent including the right to enforce the '475 Patent, the right to license the '475 Patent, and the right to sue Defendant for infringement and recover past damages.

16. Upon information and belief, Defendant owns, operates, advertises, and/or controls


these retail locations, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products and services, including but not limited to the following products and related services (the "Accused Product and Services"): Electrical Mast Connection Master Flash (EMC). See **Exhibit B**.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,464,475 CLAIMS 5 AND 6

17. Golden Rule re-alleges and incorporates by reference each of paragraphs above.

18. Golden Rule is informed and believes that Defendant has infringed and continues to infringe the Asserted Claims of the '475 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Electrical Mast Connection Master Flash (EMC) product name. Based upon public information, Defendant has infringed and continues to infringe claims 5 and 6 of the '475 Patent (the "Asserted Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises roof flashing products that form a weather-proof seal about pipes of different diameters where installation of the flashing over the top of the pipe is not possible, including at least the Accused Products and Services.[1] For example, the Accused Products and Services infringe the Asserted Claims of the '475 Patent by providing to Defendant's customers roof flashing with easy to see pipe diameters make for painless on-site installation. See **Exhibit B.** Defendant's Accused Product is made of ethylene propylene diene monomer (EPDM), which is an elastomeric material. See **Exhibit B**. Further, Defendant's Accused Products have a foot associated with a reinforced material, such as metal. See **Exhibit B.** Defendant's Accused Products and Services are available for sale at retailer locations in this district and throughout the United States. See **Exhibit B**.

---

[1] Several other claims of the '475 Patent are infringed, but those are not currently asserted because those claims are subject to a post-grant examination at the USPTO. When that examination is complete, Golden Rule will likely assert additional claims from the '475 Patent in this case. Also, two Golden Rule owns two other patents, U.S. Patent Nos. 8,534,002 and 8,141,303, with claims that are infringed, but those patents and claims are not asserted, either, because they are also subject to post-grant examinations with the USPTO. After those examinations are complete, Golden Rule will also likely assert additional claims from those patents in this case, as well.

19. Based upon public information, Defendant has intentionally induced and continues to induce infringement of the Asserted Claims of the '475 Patent in this district and elsewhere in the United States, by its intentional acts which have, among other things, successfully encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '475 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the Asserted Claims. See **Exhibit B**. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the Asserted Claims by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. See **Exhibit B**. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in installing roof flashing. See **Exhibit B**. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

20. Defendant's aforesaid activities have been without authority and/or license from Golden Rule.

21. Golden Rule is entitled to recover from Defendant the damages sustained by Golden Rule as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Defendant's infringement of Golden Rule's rights under the Asserted Claims will

continue to damage Golden Rule, causing irreparable harm to Golden Rule for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

23. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

24. Plaintiff respectfully requests the following relief:

    A. An adjudication that the Asserted Claims have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

    B. An adjudication that Defendant has induced infringement of the Asserted Claims;

    C. An award of damages to be paid by Defendant adequate to compensate Golden Rule for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including lost profits, treble damages, pre-judgment and post-judgment interest, and costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Golden Rule for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

    D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to the Asserted Claims;

    E. That this Court declare this to be an exceptional case and award Golden Rule its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

      F.      Any further relief that this Court deems just and proper.

Respectfully submitted:  January 30, 2020

                      */s/*Mark R. Miller
                      Mark R. Miller
                      WEXLER WALLACE LLP
                      55 W. Monroe Street, Suite 3300
                      Chicago, IL 60603
                      (312) 346-2222 (Telephone)
                      (312) 346-0022 (Facsimile)
                      mrm@wexlerwallace.com

                      James F. McDonough, III**
                      Travis Lynch**
                      HENINGER GARRISON DAVIS, LLC
                      3621 Vinings Slope, Suite 4320
                      Atlanta, GA 30339
                      (404) 996-0869 (telephone)
                      (205) 547-5504 (facsimile)
                      jmcdonough@hgdlawfirm.com
                      tlynch@hgdlawfirm.com
                      COUNSEL FOR PLAINTIFF
                      ***\*\*Pro Hac Vice To Be Applied For***

                      *Attorneys for Plaintiff*
                      *Golden Rule Fasteners, Inc.*